IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ISAIAH LEEGRAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-008 |
| | ) | |
| WARDEN, Telfair State Prison; OFFICER HARDING; STATE COMMISSIONER OF CORRECTIONS; JOHN DOE; and JANE DOE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Ware State Prison in Waycross, Georgia, submitted an unsigned, twenty-four-page, handwritten complaint pursuant to 42 U.S.C. § 1983, concerning events at Telfair State Prison in Helena, Georgia. (Doc. no. 1.) On January 24, 2022, because Plaintiff failed to use the standard complaint or *in forma pauperis* ("IFP") forms, the Court directed Plaintiff to submit an amended complaint and a new IFP motion within thirty days. (Doc. no. 6.) That same day, the Clerk of Court sent Plaintiff the requisite complaint and IFP forms, as well as the Court's Order informing Plaintiff of the thirty-day deadline for returning the forms. (Doc. entry dated January 24, 2022.) The time to respond has passed, and Plaintiff has not submitted an amended complaint or a new IFP motion as required by the Court's January 24th Order. Nor has he provided the Court with any explanation why he has not complied. Instead, Plaintiff filed a "sworn declaration" elaborating on the claims in his complaint. (Doc. no. 7.)

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an amended complaint and a new IFP motion, or even to provide the Court with an explanation for his failure to comply with the Court's Order, amounts not only to a failure to prosecute, but also an abandonment of this case.  This is precisely the type of neglect contemplated by the Local Rules.  Plaintiff has been warned that failing to submit an amended complaint or a new IFP motion would be an election to have his case voluntarily dismissed.  (See doc. no. 6, p. 4.)  Furthermore, because Plaintiff requested

2

permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

In sum, the time to respond has passed, and Plaintiff has not submitted a new IFP motion and an amended complaint as required by the Court's January 24th Order. Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 7th day of March, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA