IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ISAIAH LEEGRAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 322-008 |
| ) | |
| BRIAN HARDING, Officer; JACOB ) | |
| BEASLEY, Warden; TIMOTHY C. ) | |
| WARD, Commissioner; TELFAIR ) | |
| STATE PRISON; JOHN DOE, Floor ) | |
| Officer; JOHN DOE, Dept. Warden; ) | |
| and JOHN OR JANE DOE, doctor/nurse, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Plaintiff, incarcerated at Ware State Prison, is proceeding *pro se* and *in forma pauperis* in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    SCREENING THE AMENDED COMPLAINT**

    **A.    BACKGROUND**

Plaintiff names the following defendants: (1) Telfair State Prison ("TSP"); (2) Officer Brian Harding; (3) Warden Jacob Beasley; (4) Commissioner Timothy Ward; (5) John Doe, a floor officer who worked with Defendant Harding; (6) John Doe, a deputy warden at TSP; and (7) John

or Jane Doe, a doctor or nurse at Georgia Diagnostic Prison in Jackson, Georgia. (Doc. no. 11, pp. 1-4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff impliedly refers the Court to a grievance filed February 15, 2020, for a more detailed description of his allegations, specifically against Defendant Harding. (Id.) While the grievance, which Plaintiff attaches to his amended complaint, provides more detail on the events giving rise to Plaintiff's claims, the Court can only discern the following from the amended complaint's statement of claim.

At 11:30 on February 13, 2020, at Telfair State Prison, Defendant Harding visited Plaintiff in his tier I cell and said "some words" to Plaintiff. (Id. at 6.) After exchanging words outside of Plaintiff's cell, Defendant Harding assaulted and committed battery against Plaintiff by forcefully handcuffing Plaintiff and causing Plaintiff's head to be hit. (See id. at 6-8.) Defendant Officer John Doe came to Defendant Harding's aid afterwards. Plaintiff fought back against Defendant Harding in self-defense, and was later charged by Defendant TSP for doing so. (Id. at 7.) Plaintiff received cuts on his left wrist from Defendant Harding, and Defendant John or Jane Doe was a nurse or doctor at TSP who failed to perform a check up on Plaintiff's head and hand after the incident. (Id. at 6.) Plaintiff further states medical will not examine his head, however, at some point Plaintiff was seen for his injuries and received medication. (Id.)

Plaintiff names Defendants Beasley and Deputy Warden John Doe by stating they "called [Plaintiff] out by name to get [him] in handcuffs." (Id.) Plaintiff also alleges Defendant Ward is liable because he hired Defendant Harding. (Id.) Plaintiff filed grievances at TSP and Georgia Diagnostic Prison in Jackson, Georgia, which were denied and appealed. (Id. at 10-11.) The attached grievance filed at TSP was denied as untimely. (See id. at 12-13.)

2

  B.  **DISCUSSION**

    1.  **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly,

3

550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Pleading Deficiencies in Plaintiff's Amended Complaint

Here, because of pleading deficiencies, the Court cannot determine whether Plaintiff has any viable claims. Plaintiff provides few details in his statement of claim regarding his February 13th encounter with Defendant Harding, which is the heart of his claim for violation of his civil rights. While a plaintiff may attach exhibits to a complaint, such exhibits cannot provide the factual basis for the complaint. In order for the Court to determine whether Plaintiff has stated a claim, Plaintiff must provide the Court a detailed narrative of the events of February 13th within the complaint's statement of claim section that describes Defendant Harding's alleged words and actions towards Plaintiff.

Also, the remainder of Plaintiff's amended complaint is almost incoherent. For example, Plaintiff writes Defendants Beasley and Deputy Warden John Doe "act[ed] from a mischievous standpoint by calling out [Plaintiff's] name to get me in handcuffs." (Doc. no. 11, p. 6.) Without any further facts, the Court cannot determine what type of claim or allegation Plaintiff is making against those Defendants. Plaintiff also claims he did not receive a check up on his hand, but then states he was seen by medical and received treatment. Plaintiff

4

must address these inconsistencies before the Court can determine whether his amended complaint states a claim.

Last, Plaintiff is cautioned that "vicarious liability is inapplicable to § 1983 actions," so "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*) (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Further, TSP is not a proper party to a § 1983 suit because jails and prisons are not legal entities subject to liability in § 1983 claims. See Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being sued"), *adopted by* 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit").

## II.   LEAVE TO AMEND COMPLAINT

The Court recognizes that Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure his pleading deficiencies by submitting a second amended complaint. See Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019) (explaining *pro se* plaintiff must be given one chance to amend to cure pleading deficiencies prior to dismissal). Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to include all of his allegations in one document, within fourteen days of the date of this Order. The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number, to Plaintiff's service copy of this Order. The statement of claim must not exceed six handwritten pages

attached to the standard form. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court that she was to re-draft her complaint to make it more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to pursue this case, he **MUST** file a second amended complaint in accordance with the instructions in this Order. The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his amended complaint. For example, Plaintiff should not simply state, "See attached documents." Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits

6

attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, within fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendant should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

SO ORDERED this 22nd day of July, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA